## WISE *v.* PEUGH.*

(Division B. Nov. 30, 1925.)

[106 So. 81.   No. 25221.]

1. APPEAL AND ERROR.   *On peremptory instruction against plaintiff, full weight to be given his testimony.*

   When peremptory instruction is granted against plaintiff, his testimony must be given full weight with reference to the facts and circumstances and the reasonable inferences to be drawn therefrom.

2. PRINCIPAL AND AGENT.   *Under stated conditions, principal liable for assault by agent.*

   Defendant is liable for assault of W. on plaintiff, if W. was acting as defendant's agent and in the furtherance of his business when he assaulted plaintiff.

3. PRINCIPAL AND AGENT.   *Evidence held sufficient to take to the jury question of agency of person who assaulted plaintiff.*

   From the facts and circumstances, *held*, that jury could reasonably conclude that W., who as agent of defendant had sold mules to plaintiff, and on complaint by plaintiff of their unsoundness had met him, at defendant's garage, to adjust the matter, was acting as defendant's agent, and in the furtherance of his interest, when he then assaulted plaintiff.

---

*Headnotes 1.  Appeal and Error, 4 C. J., Section 2709; 2. Agency, 2 C. J., Section 534; Liability of principal for assault by agent in collecting debts, see note in 51 L. R. A. (N. S.) 920; Liability of principal for assault by agent, see 24 A. L. R. 545; 21 R. C. L. 906; 5 R. C. L. Supp., p. 1178; 3. Agency, 2 C. J.. Section 731.

APPEAL from circuit court of Monroe county.
HON. C. P. LONG, Judge.

Action by W. L. Wise against W. G. Peugh.   From a judgment on a verdict directed for defendant, plaintiff appeals.   Reversed and remanded.

*Paine & Paine,* for appellant.

At the time of the assault Wamble was the agent of appellee and went to the office of appellee for the purpose of trying to adjust the controversy, and at that time and place was engaged in a discussion of the terms of settlement. Wamble invited appellant into the office of appellee, where the assault was begun.

The *res gestae,* the very words and the cause of the words, was the primary cause that enraged Wamble, because he evidently saw he could not force the settlement which he and appellant wanted; it was the *"causa causans"* of the master's business, was so absolutely interwoven as to be inseparable therefrom, and he lost his temper and began the assault. See *Barmore* v. *Railway Co.,* 85 Miss. 427.

Under this case the simple question is, was Wamble, under the only evidence introduced, doing any act in furtherance of appellee's business? Appellant, the only witness as to the agency of Wamble, says he traded with Wamble for appellee, and gave his note for the mules; he had discussed the trade with Wamble as the agent of appellee, and told Wamble, the agent of appellee, the mules did not come up to the guarantee; and that on the day of the assault had been invited into the office of appellee to discuss the matter with appellee and Wamble; that at that time and place they all three engaged in the discussion, and that when appellant denied having told Wamble he liked the mules, then it was that Wamble, the agent, assaulted him.

In *Barmore* v. *Railway Company, supra,* the court says: "In order to escape liability it devolves upon the master to prove that the servant had abandoned the duties of his employment . . . that if the testimony leaves it in doubt, it must be submitted to the jury." (p. 441). See also *Railroad Company* v. *Latham,* 72 Miss. 33.

The trial judge committed error in giving the peremptory for the appellee, and the case should be reversed.

*Leftwich & Tubb,* for appellee.

I. *The act committed by Wamble an independent tort.* Wise, the appellant, himself made proof that Wamble, who committed the alleged tort, was engaged in selling trucks and automoblies for W. G. Peugh. There is nothing to suggest, nor is it implied that Wamble had anything to do with collecting the notes taken for these trucks and automobiles.

The testimony makes it, perfectly clear that Wamble was not working for Peugh in the wordy altercation that preceded the fight, but he was trying to buy the mules. This language demonstrates, and it must be taken for all it is worth when appellant swears to it, that Wamble was not acting for Peugh, but he was acting for himself, trying to take the mules off of Wise's hands. He certainly was not within the scope of his employment with Peugh, which was selling trucks and automobiles, in this mule transaction; he was not acting in Peugh's interest when he was asking Peugh to give twenty-five dollars, Wise to pay twenty-five dollars, and himself to lose twenty-five dollars, and take the mules. What Wamble was to pay Peugh for the mules is not disclosed, but it is not to be presumed that he was to take the mules, which Wise had bought and not paid for because he did not consider them sound, and Wamble not pay Peugh for them.

The master is not responsible for the independent torts of his servant, not done in his business, but done wholly on his own account. *Canton Warehouse Co. v. Poole,* 78 Miss. 147. The act of a servant in causing actionable injury to a third person does not subject the master to civil responsibility when it appears that the servant was at the time in the use of the master's property, or because the act was in some general sense while he was about his master's business, irrespective of the real nature and motive of the transaction. *Canton Warehouse Co. v. Poole,* 78 Miss. 147; *Illinois Central Railroad Co.*

v. *Latham,* 72 Miss. 32; 26 Cyc. 1539; Jaggard on Torts, 276; *Railroad Company* v. *Allbritton,* 38 Miss. 242; *Southern Express Co.* v. *Fitzner,* 59 Miss. '581.

This case must not be confused with those cases where a servant is employed as a night watchman to guard property, or to keep out trespassers. In this class of cases there is either express or implied power on the part of the servant to use force in performing the task of his master; using force is his business, and if he uses excessive force, or makes an unnecessary assault, his master is liable.

The court was clearly right to take the entire case from the jury. Where there is no evidence that the given conduct was in the course of the employment the court may take the case from the jury. *Barmore* v. *Railway Co.,* 85 Miss. 426. A master is not liable for the servant's torts unless done in and about the. duties assigned him, or in the accomplishment of objects within the line of his duties. *Palos Coal and Coke Co.* v. *Benson,* 39 So. 727 (Ala.).

It should not be overlooked here that Peugh was present, *looking out for his own interests, superseding and displacing any duty devolving on Wamble to act for him, and Wamble was acting solely and only for himself in trying to get the mules.* It is not pretended that Peugh encouraged the alleged assault.

*Paine & Paine,* in reply for appellant.

The testimony of the only witness in the cause cannot be truthfully controverted. The legitimate inferences, and every material fact which this testimony tended either directly, or by reasonable inference to prove, must, under the law of this state, be treated as established; and hence the' case should have been submitted to the jury and not decided by the court. *Southern Express Company* v. *Wamble,* 103 Miss. 481, is conclusive. The case should be reversed.

Argued orally by *Thomas Fite Paine,* for appellant.

HOLDEN, P. J., delivered the opinion of the court.

Appellant, W. L. Wise, sued the appellee, W. G. Peugh, for damages for an assault made upon appellant by one Bill Wamble, who, it is alleged, was acting as agent of ap-. pellee at the time of the assault and battery. The court granted a peremptory instruction for the defendant; hence this appeal.

The case in substance is as follows:

Appellee, Peugh, was engaged in selling trucks and automobiles, and Bill Wamble was his sales agent in the business. The record shows that Wamble obtained a pair of mules for Peugh upon some kind of an automobile trade, and Wamble sold the mules to appellant, Wise, upon certain terms, and took appellant's note for the purchase money of the mules, payable to appellee, Peugh. In this transaction, Bill Wamble was acting for and as agent for Peugh. Subsequently appellant became dissatisfied with the mules, and claimed that they were unsound, and wanted to return them to Peugh and Wamble, and get his note back. It appears that appellant and Wamble and another man were to meet one day at the garage of appellee, Peugh, in Aberdeen, for the purpose of adjusting the matter.

On the day the parties were to meet at the garage of appellee for the purpose of adjusting the matter regarding the mules, appellant, Wise, came to town, and as he was passing near the garage of appellee, Peugh, Bill Wamble called him into the garage, and there the three of them, Wamble, Peugh, and appellant, began to discuss the matter of adjusting the difference between them as to the mules, and whether or not the mules were unsound and would be taken back by Peugh and Wamble, or whether Wise would lose ten dollars or twenty-five dollars in the transaction by delivering the mules back. The three of them discussed these questions at some length,

and while thus discussing the matter Wamble seems to have lost his temper and assaulted and beat appellant, Wise, breaking some of his ribs, and otherwise injuring him. Wise did nothing to justify the assault, according to the testimony of Wise, who was the only witness so far to testify in the case.

We assume that the lower court directed a verdict for the defendant upon the ground that appellee, Peugh, was not liable for the act of Wamble when he assaulted the appellant, Wise. When a peremptory instruction is granted against a plaintiff, the plaintiff's testimony must be given full weight with reference to the facts and circumstances and the reasonable inferences to be drawn therefrom; and if the jury in this case could have reasonably inferred from all of the facts and circumstances that Wamble was acting as the agent of Peugh, and in furtherance of his business, when he assaulted Wise, then Peugh, the principal, would be liable for the act of Wamble.

We have carefully read the testimony of the appellant, Wise, and, without taking the time and space to set it out and discuss it in detail, we think it was sufficient to take the question of fact to the jury as to whether or not, from all the facts and circumstances and the reasonable inferences to be drawn therefrom, Bill Wamble was acting as agent of the appellee, Peugh, at the time he assaulted the appellant, Wise; that the testimony reasonably supports the inference that Wamble was acting within the scope of his authority and in furtherance of the principal's business when he assaulted appellant, Wise, while discussing the adjustment of the mule transaction for Peugh, which Wamble had promoted and negotiated as the agent of Peugh a short while previous to the time of the assault complained of in this case.

Wamble had sold the mules to Wise for Peugh, and took the note for the purchase money, and after Wise complained of the unsoundness of the mules, which had been guaranteed sound, Wamble and Wise met at the

garage of Peugh to adjust the whole matter, which Wamble had been handling for Peugh; that is, the sale of the mules and the collection of the amount due for them, or the return of the mules; and while thus engaged about a matter which, it may be inferred, he was authorized to act in by Peugh, Wamble suddenly, without legal justification, so far as this record now discloses, brutally assaulted and bruised appellant. The jury could reasonably conclude from the facts and circumstances that Wamble was the agent of Peugh, and was acting in furtherance of Peugh's interest, at the time he assaulted the appellant.

In view of these conclusions, we think the court was in error in directing a verdict for the defendant, and therefore the judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*